SHAPLEIGH & CO., PLAINTIFFS IN ERROR, V. C. E. DUTCHER, DEFENDANT IN ERROR.

Verdict: EVIDENCE. About the 1st of Dec., 1881, one D. sent a money order for $3.00 to S. & Co., of St. Louis. A receipt for $300 was returned. D alleged that on the same day on which the money order was sent he forwarded to S. & Co. a draft for $300 which he had received in the spring of 1880. *Held*, That the evidence failed to show that the draft in question was sent.

ERROR to the district court for Jefferson county. Tried below before MORRIS, J.

*Harwood & Ames* and *W. H. Snell*, for plaintiffs in error.

*W. O. Hambel*, for defendant in error.

MAXWELL, J.

The plaintiff brought an action against the defendant to recover the sum of $97.92 upon an account. The defendant in his answer admitted the account to be correct, but set up a set-off of $300. On the trial of the cause the jury found a verdict for $200 in favor of the defendant. The principal error relied upon in this court is that the verdict is unsupported by the evidence. The date of the first item in the account is Dec. 22d, 1881, and of the last March 23, 1882. It appears that prior to the date of this acccount, the defendant had dealt to a very limited extent

with the plaintiffs; that early in December, 1881, he sent the following letter to the plaintiffs:

"FAIRBURY, NEBR., Dec., 1881.

"A. F. SHAPLEIGH AND CANTWELL CO., ST. LOUIS, MO.:

"MESSRS.—Enclosed please find P. O. order of $3.00, as balance, etc., on my account of Oct. 7th, 1881,

"And oblige

"C. E. DUTCHER."

A receipt was given by the plaintiffs as follows:

"ST. LOUIS, 12–5–1881.

"MR. C. E. DUTCHER, FAIRBURY, NEB.

"DEAR SIR—Your favor of 12, enclosing three hundred dollars is received, and the amount placed to your credit. Thanking you for the same, and soliciting your further orders, we are

"Yours Respectfully,

"A. F. SHAPLEIGH AND CANTWELL HARDWARE CO.

"Per HENDRICK, Cashier."

The defendants claim that their cashier made a mistake in stating the amount received, and that the money order for $3.00 was the only sum sent by the defendant. The testimony of the defendant is that about the 1st of Dec., 1881, he sent the defendants a draft for $300, and received the above receipt, but that he did not receive a receipt for the $3.00; that the money order and draft were sent on the same day, the money order in the morning, and the draft in the afternoon; that he could not tell on what bank the draft was drawn, nor its number, or date; that he received it from his brother in the spring of 1880; that he did not know from whom his brother received it, and that his brother was now dead, etc.

The testimony of Hendricks, the cashier of the plaintiff, was taken, in which he denies the receipt of the draft mentioned, and states that the only sum received was $3.00 in the money order above named. The testimony of Alfred

Lee, the secretary and treasurer of the company, was also taken, and he states that he has been secretary and treasurer of the firm during its entire existence, and had a general superintendence of all correspondence relating to money matters or to the books, etc., and that neither the books nor correspondence showed the receipt from the defendant of $300. And the defendant fails to explain why he kept this draft from the spring of 1880 to December, 1881, and should then have sent it to a firm of strangers, to whom he did not owe a dollar, without any directions as to what was to be done with the proceeds. A clear preponderance of the testimony shows that the plaintiff's cashier made a mistake in the receipt, and that the actual amount received was but $3.00. The verdict is not sustained by sufficient evidence, and the judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.